**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,**

                Plaintiff,

      v.

**CREATIVE LEARNING CORP.,** *et al.*,

                Defendants.

C.A. No. 3:17-cv-954-TJC-JRK

**FINAL JUDGMENT AS TO DEFENDANT CREATIVE LEARNING CORP.**

The Securities and Exchange Commission having filed a Complaint and Defendant Creative Learning Corp. (hereinafter "Defendant" or "CLCN") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 promulgated [17 C.F.R. § 240.10b-5], thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company or by engaging in a scheme to defraud involving the entry of false or misleading information in CLCN's books and records.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud, or

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company or by engaging in a scheme to defraud involving the entry of false or misleading information in CLCN's books and records.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 13(k) of the Exchange Act [15 U.S.C. § 78m(k)], by directly or indirectly, including through any subsidiary, extending or maintaining credit, arranging for the extension of credit, or renewing an extension of credit, in the form of a personal loan to or for any director or executive officer (or equivalent thereof) of Defendant.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violation Section 13(a) of the Exchange

Act [15 U.S.C. § 78m(a)] and Regulation FD [17 C.F.R. § 243.100 *et seq.*], thereunder, by disclosing material, nonpublic information regarding an issuer or its securities to persons described in 17 C.F.R. § 243.100(b)(1) without making public disclosure of that information.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rules 13a-15(b) and 13a-15(c) [17 C.F.R. §§ 240.13a-15(b), (c)], by failing to evaluate the company's disclosure controls and procedures at the end of each fiscal quarter and failing to evaluate the company's internal controls over financial reporting at the end of each fiscal year.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13, promulgated [17 C.F.R. §§ 240.12b-20 and 240.13a-1, and 240.13a-13], thereunder, by directly or indirectly, filing or causing to be filed with the Commission any annual or quarterly report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 13a-1, and 13a-13 promulgated [17 C.F.R. §§ 240.13a-1 and 240.13a-13], thereunder, that: (a) contains an untrue statement of material fact or omits to state any material fact necessary in order to make the

4

statements, in light of the circumstances under which they were made, not misleading (b) fails to contain information required to be contained therein; or (c) fails to comply in any material respect with the requirements of Section 12(g) or Section 13(a) of the Exchange Act [15 U.S.C. §§ 78*l* and 78m(a)] or Rules 12b-20, 13a-1, 13a-13, and 13a-15 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, and 240.13a-15], thereunder.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)], by failing to:

(a) make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of it assets; and

(b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

  (1) transactions are recorded as necessary to permit the preparation of financial statements in accordance with GAAP;

  (2) transactions are recorded as necessary:

    (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements; and

    (ii) to maintain accountability for assets;

(3)  access to assets is permitted only in accordance with management's general or specific authorization; and

(4)  the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE