**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.                                                            Case No. 3:17-cv-954-J-32JRK

BRIAN PAPPAS,

    Defendant.

---

## FINAL JUDGMENT AS TO DEFENDANT BRIAN PAPPAS

The Securities and Exchange Commission having filed a Complaint and Defendant Brian Pappas having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means

or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company or by engaging in a scheme to defraud involving the entry of false or misleading information in an issuer's books and records.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company or by engaging in a scheme to defraud involving the entry of false or misleading information in an issuer's books and records.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 9(a)(2) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78i(a)(2)], directly or indirectly, by using the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, to effect, alone or with other persons, a series of transactions in a security, other than a government security, or in connection with any security-based swap agreement with respect to such security creating actual or apparent active trading in

such security, for the purpose of inducing the purchase or sale of such security by others.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 [17 C.F.R. § 240.13d-1] thereunder, by failing to file with the Commission a statement containing the information required by Schedule 13D (Rule 13d-101), disclosing his direct or indirect beneficial ownership of more than 5 percent of any equity security of a class which is registered pursuant to Section 12 of the Exchange Act or any material change to such beneficial ownership.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-6(b) [17 C.F.R. § 240.14a-1(l)] thereunder, by failing to file with the Commission definitive copies of the proxy statement and all other soliciting materials no later than the date they are first sent or given to security holders, and providing these materials to each national securities exchange on which the registrant has a class of securities listed and registered.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. § 7878p(a)] and Rules 16a-2 and 16a-3 [17 C.F.R. §§ 240.16a-2, 240.16a-3] thereunder, by failing to file with the Commission required forms disclosing a direct or indirect beneficial ownership of more than 10 percent of any class of equity security registered pursuant to Section 12(b) of the Exchange Act.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by falsifying or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by falsely signing personal certifications indicating that he has reviewed the periodic and annual reports containing financial statements that an issuer filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and that, among other things:

(a)   based on his knowledge, the reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements

made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report;

(b)     based on his knowledge, the financial statements, and other financial information included in the reports, fairly present, in all material respects, the financial condition, results of operations and cash flows of the issuer;

(c)     he has evaluated the effectiveness of the issuer's disclosure controls and procedures and presented in the reports his conclusions about the effectiveness of the disclosure controls and procedures;

(d)     he has disclosed in the reports any change in the issuer's internal control over financial reporting during the reporting period that has materially affected, or is reasonably likely to materially affect, the issuer's internal control over financial reporting; and

(e)     based on his most recent evaluation of the internal control over financial reporting, he has disclosed to the issuer's auditors and the audit committee of the board of directors:

> (1)     all significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the issuer's ability to record, process, summarize, and report financial information, and
>
> (2)     any fraud, whether or not material, that involves management or other employees who have a significant role in the issuer's internal control over financial reporting.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rules 13a-15(b) and (c) [17 C.F.R. §§ 240.13a-15(b), (c)], directly or indirectly, by failing to evaluate the effectiveness of an issuer's disclosure controls and procedures at the end of each fiscal quarter and failing to evaluate an issuer's internal controls over financial reporting at the end of each fiscal year.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13], by knowingly or recklessly providing substantial assistance to an issuer that files or causes to be filed with the Commission any annual or quarterly report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 promulgated [17 C.F.R. §§ 240.13a-1 and 240.13a-13] thereunder, that:

(a)    contains an untrue statement of material fact or omits to state any material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading;

(b)    fails to contain information required to be contained therein; or

(c)     fails to comply in any material respect with the requirements of Section 12(g) or Section 13(a) of the Exchange Act [15 U.S.C. §§ 78l and 78m(a)] or Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] thereunder.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. § 78(b)(2)(A), (B)] by knowingly or recklessly providing substantial assistance to an issuer that:

(a)     fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; and

(b)     fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1)     transactions are executed in accordance with management's general or specific authorization;

(2)     transactions are recorded as necessary:

(i)     to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements; and

(ii)     to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(k) of the Exchange Act [15 U.S.C. § 78m(k)], by knowingly or recklessly providing substantial assistance to an issuer that directly or indirectly, including through any subsidiary, extends or maintains credit, arranges for the extension of credit, or renews an extension of credit, in the form of a personal loan to or for any director or executive officer (or equivalent thereof) of an issuer.

XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Regulation FD [17 C.F.R. § 243.100 et seq.] thereunder, by knowingly or recklessly providing substantial assistance to an issuer disclosing material nonpublic information regarding that issuer or its securities to persons described in 17 C.F.R. § 243.100(b)(1) without making public disclosure of that information.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited permanently from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

XVI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred, for a period of 10 years from the entry of this order, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

XVII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,000, representing profits gained as a result of the conduct alleged in the Complaint and a civil penalty in the amount of $47,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $50,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.   Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brian Pappas as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and

interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

XVIII.

Brian Pappas shall pay the total of disgorgement and penalty due of $50,000 in twelve (12) installments to the Commission according to the following schedule: (1) $5,000, within 14 days of entry of this Final Judgment; (2) $4,100 due on or before the first of each month thereafter for ten (10) months, beginning on the month following entry of this Final Judgment; and (3) a final payment of $4,000 plus the amount of post-judgment interest, which has accrued pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment, within one year of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest. Prior to making the final payment set forth herein, Brian Pappas shall contact the staff of the Commission for the amount due for the final payment.

If Brian Pappas fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

XIX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, civil penalty, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XXI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Jacksonville, Florida the 2nd day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

Pro se Defendant

14